### EDWARD SCHWERIN v. JOHN MILLS.

A verification to an answer in an action in a district court, is sufficient, if it be to the effect that the party, agent, or attorney verifying the pleading believes it to be true.

APPEAL from a judgment rendered in favor of the plaintiff by the First District Court. The return showed that the complaint was verified in the form prescribed by the Code, and a copy thereof had been served with the summons. The defendant put in an answer denying the cause of action alleged, and added to it a verification, by himself, in the following words: " The defendant, being duly sworn, says that he believes the following

answer to be true." The justice gave judgment for the plaintiff for the amount claimed in the complaint, without requiring any proof; disregarding the answer upon the ground that it was not properly verified. The defendant appealed.

*Charles Fraser*, for the appellant.

*Henry T. Cleveland*, for the respondent.

By the Court, BRADY, J.—The question presented by this appeal is whether the verification of an answer in the following form, "the defendant, being duly sworn, says that he believes the foregoing answer to be true," is sufficient under the 15th section of the "Act to reduce the several acts relating to the District Courts in the city of New York into one act," passed April 13, 1857. That part of the section which relates to this subject is as follows: "When a copy of the complaint is served as specified in this section, the original complaint and the answer thereto must be verified by the oath of the party pleading, or if he be not present, by the oath of his agent or attorney, to the effect that he believes it to be true." The doubt arising upon the language of the section is suggested by the questions: Who believes it to be true? The party or his agent? And if it apply only to the agent, in what manner must it be verified by the party?

It was insisted, upon the argument, that the statute should be construed to mean that the answer must be verified by the oath of the party, *and in the manner prescribed by law.* Assuming this to be a proper view, we are met at once by another difficulty, which is, that there is no form of verification by law established relating to pleadings in the district courts. The provisions of the Code relate to pleadings in courts of record exclusively. Beside that, the construction suggested would, if adopted, embody that part of the Code which applies to the verification of a pleading by the party, and not that which relates to the verification by an agent or attorney.

From the language of the statute, it seems to have been the intention of the legislature to require only a verification *to the effect* that the person making it believed the pleading to be true, and without reference to the form or language in which the verification was made. The object to be accomplished was to put the party sought to be charged to his oath, denying the alleged claim, or in setting up a defence if the claim could not be gainsaid. The statute certainly has not, in express terms, given any form of oath to be made by the party, if, by construction, the words " to the effect that he believes it to be true," are held not to apply to him, but if the converse be the construction, then the form of the verification is the same, whether made by the party or the attorney. The statute thus considered as presenting a doubt, must be controlled by the rule which has always been applied to these courts and their jurisdiction. They are creatures of the statute, and take nothing by implication. What is given to them in express terms only can be exercised as a power, and as the provisions of the Code relating to the verification of pleadings are not made applicable to them, those of the act of 1857 alone apply. That at § 15 treats of the whole subject, and provides in terms, that when a complaint is verified, the answer must be also verified to the effect that the person verifying believes it to be true. This provision is simple, and in my judgment, sufficiently comprehensive to cover allegations in the pleading founded upon knowledge or asserted on information. These courts were originally designed for the prosecution of small claims, and are yet the only tribunals in this city in which such demands may be prosecuted. Their jurisdiction has been enlarged and their form of procedure magnified by recent legislation, but it cannot be said with propriety that the legislature intended to surround them with the formulas and insignia of courts of record, and to require the litigants therein to conform to them. When a provision of law relating to these courts, where simplicity in forms should prevail, is framed so ambiguously that it is not intelligible to a common understanding, it is the duty of the courts of review to see

that no injustice is done by the exercise of a doubtful authority. I think the only verification of pleadings in the district courts, required by law, is that stated; and that, whether made by agent, or attorney, or party, it is sufficient if it be to the effect that the deponent believes it to be true.

Judgment reversed.